UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRAIG CARLSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ROCK CLAPPER, et al.,<br><br>　　　　　Defendants. | Case No.18-cv-07195-VKD<br><br>**ORDER CONDITIONALLY GRANTING DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW; STAY OF ACTION**<br><br>Re: Dkt. No. 44 |

Counsel for defendants ScanX, Inc. ("ScanX") and Rock Clapper, David Nemecek and The Fortress Law Firm, Inc., move to withdraw from representation of defendants pursuant to Civil Local Rule 11-5. Dkt. No. 44. Plaintiff Carlson Produce opposes the motion. Dkt. No. 49. The Court heard oral argument on counsel's motion on June 25, 2019. Dkt. No. 53.

Having considered the parties' moving papers, the Court grants counsel's motion to withdraw, subject to certain conditions set forth below.

## I.  BACKGROUND

On November 28, 2018, plaintiffs Craig Carlson and Carlson Produce, Inc. ("Carlson Produce") filed this action against defendants ScanX and Mr. Clapper. Dkt. No. 1. After two motions to dismiss, the only remaining claims are Carlson Produce's claims for breach of contract and quantum meruit against ScanX only, and Carlson Produce's claim for fraud against both ScanX and Mr. Clapper. Dkt. Nos. 26, 45. Mr. Carlson is no longer a plaintiff in the case.

Neither Mr. Clapper nor ScanX has filed any objections with the Court concerning their counsel's request to withdraw from representation.

## II.  LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved

United States District Court
Northern District of California

by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civ. L.R. 11-5(b).

The California Rules of Professional Conduct govern withdrawal from representation. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Rule 1.16[1] describes the circumstances in which an attorney may withdraw from representation. These include situations where "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively" and where "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation." Cal. R. Prof'l Conduct 1.16(b)(4), (5).

Even where circumstances permit withdrawal, counsel may not "terminate a representation until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof'l Conduct 1.16(d). These steps include (1) giving the client sufficient notice to permit the client to retain other counsel; (2) at the client's request, promptly releasing the client's materials and property to the client; and (3) promptly refunding any part of a fee or expense paid in advance that the lawyer has not earned or incurred. Cal. R. Prof'l Conduct 1.16(d), (e).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL

---

[1] Formerly Rule 3-700. *See* http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct (noting that new Rules of Professional Conduct became effective November 1, 2018).

2

3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## III. DISCUSSION

Defendants' counsel seeks permission to withdraw from representation on the grounds that defendants have breached the attorney-client fee agreement and that their conduct has rendered it unreasonably difficult for him to carry out the representation effectively. Dkt. No. 44 at 2.

Carlson Produce does not dispute that defendants' counsel has provided sufficient reasons for withdrawal from representation. Rather, Carlson Produce's sole objection is that counsel's withdrawal will delay this action, thereby prejudicing Carlson Produce. Dkt. No. 47 at 2. In particular, Carlson Produce contends that it has served written discovery on defendants, and defendants' responses are due July 1, 2019. Carlson Produce says it has also noticed the deposition of Mr. Clapper for July 31, 2019. *Id.* Carlson Produce's objections regarding delay are not well taken. As defendants' counsel observes, Carlson Produce took no steps to obtain any discovery in this matter until *after* it filed its opposition to counsel's motion to withdraw, which suggests that Carlson Produce's concerns about delay are makeweight.[2] Dkt. No. 50 at 2. In these circumstances, and as fact discovery does not close until October 9, 2019 (Dkt. No. 33), the Court finds Carlson Produce's complaints of delay and prejudice unpersuasive.

Counsel's proposed withdrawal from representation is complicated by the need for ScanX to obtain substitute counsel. Although Mr. Clapper may appear pro se and represent himself, ScanX may not do so, as a corporation may appear before the Court only through licensed counsel. Civ. L.R. 3-9(b); *Bright Smart Corp. v. Google, Inc.*, No. 5:15-cv-03962-BLF, 2016 WL 1070667, at *2 (N.D. Cal. Mar. 18, 2016). A corporation may not be represented by a pro se non-attorney in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). A court may enter default judgment against a defendant corporation that fails to retain counsel. *United States v. High Country Broad. Co, Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Adobe Sys. Inc. v. Software Tech.*, No. 5:14-cv-02140-RMW, 2015

---

[2] Defendants' counsel also contends that Carlson Produce did not properly serve its discovery requests and deposition notice, as Carlson Produce served them by email without obtaining defendants' agreement to accept service by email. Dkt. No. 50 at 2.

3

WL 6956632 (N.D. Cal. Nov. 10, 2015). For these reasons, it will be necessary for at least ScanX to obtain substitute counsel.

The Court concludes that defendants' counsel has provided adequate reasons for withdrawal from representation and that any prejudice to Carlson Produce, from delay of this action or otherwise, is not material. Given the relatively early stage of proceedings in this matter, the Court further concludes that permitting counsel to withdraw will not prejudice the administration of justice, in view of the conditions on withdrawal the Court sets out below.

**IV. CONCLUSION**

The Court conditionally grants defendants' counsel's motion and will permit counsel to withdraw from representation as follows:

(1) All proceedings in this action are STAYED through **July 26, 2019**, with the exception of any agreements the parties may have made in connection with the June 4, 2019 settlement conference before Judge Kim.

(2) ScanX must obtain new counsel who must file a notice of substitution by **July 26, 2019**, or show good cause why additional time to obtain new counsel is required.

(3) Defendants' counsel shall continue to accept service of papers for the purpose of forwarding them to defendants until defendants obtain substitute counsel or until the Court orders otherwise.

(4) Defendants' counsel shall serve a copy of this order on defendants no later than **July 1, 2019** and shall specifically advise them that ScanX is prohibited from representing itself in federal court, and that if ScanX fails to obtain substitute counsel, the Court may enter default judgment against it.

(5) If ScanX does not obtain new counsel by July 26, by **July 29, 2019** Mr. Nemecek shall file a declaration that identifies the last known addresses of both defendants and certifies that he has complied with this order.

Upon the filing of a notice of substitution of counsel or receipt of Mr. Nemecek's declaration, the Court intends to permit Mr. Nemecek and The Fortress Law Firm to withdraw from representation in this matter and will order further proceedings as necessary.

4

The parties shall appear for a further case management conference on **August 13, 2019 at 1:30 p.m.**

**IT IS SO ORDERED.**

Dated: June 26, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge